Stanley E. KREHBIEL, Compact Corporation, a corporation, and Murphy Finance Company, a corporation, Plaintiffs in Error,

v.

STATE of Oklahoma ex rel. James H. HARROD, County Attorney of Oklahoma County, Oklahoma, Defendant in Error.

No. 39872.

Supreme Court of Oklahoma.

Feb. 5, 1963.

John A. Johnson, Robert E. Shelton, Stuart H. Russell, Monroe C. Francis, Oklahoma City, for plaintiff in error.

James H. Harrod, County Atty., Oklahoma County, Granville Scanland, Asst. County Atty., Oklahoma County, Oklahoma City, for defendant in error.

HALLEY, Vice Chief Justice.

The State of Oklahoma ex rel. James H. Harrod, County Attorney of Oklahoma County (hereafter called plaintiff) filed a petition in the District Court of Oklahoma County seeking an injunction against Stanley E. Krehbiel (hereafter called defendant) prohibiting him from using a "referral plan" of selling vacuum sweepers in Oklahoma County.

The evidence showed that defendant was the Oklahoma City manager of the Compact Vacuum Cleaner Division of Interstate Precision Products Corporation. The re-

ferral plan or selling plan was known as the "Owner-Recommendation Program." In brief, the plan operated as follows: defendant or one of his salesmen would call upon a person to sell a vacuum sweeper. At the same time the prospective purchaser was given the opportunity, if he purchased the sweeper, to refer the names of friends or neighbors to the defendant. If any one or more of the referred persons purchased a sweeper, the original purchaser would receive $25.00 from defendant for each person so referred who purchased a sweeper. (The latter purchasers will be called second-level purchasers hereafter.) The second-level purchasers at the time they were called upon by defendant or his salesman were given the opportunity, if they purchased a sweeper, to refer names to defendant. They were not required to submit names or otherwise join in the selling plan or program. If a second-level purchaser did desire to submit names to defendant and such referred person or persons bought a sweeper, the second-level purchaser would receive $25.00 for each third-level purchaser whose name he had submitted. Such method of selling would then extend through fourth-level purchasers, fifth-level purchasers, etc. The original purchasers received money only for those second-level purchasers whose names he submitted. A second-level purchaser received money only for those third-level purchasers whose names he submitted.

The trial court entered judgment enjoining defendant from using this selling plan. Defendant's motion for new trial was overruled and he appeals.

The sections of our statutes, 21 O.S.1961 §§ 1066, 1067 under which this suit for injunction was commenced provide:

"§ 1066. Selling plan as lottery.— Every person who sets up, promotes or engages in any plan by which goods or anything of value is sold to a person, firm or corporation for a consideration and upon the further consideration that the purchaser agrees to secure one (1) or more persons to participate in the plan by respectively making a similar purchase or purchases and in turn agreeing to secure one (1) or more persons likewise to join in said plan, each purchaser being given the right to secure money, credits, goods or something of value, depending upon the number of persons joining in the plan, shall be held to have set up and promoted a lottery and shall be punished as provided in Section 3 of this Act. Laws 1957, p. 162, § 1."

"§ 1067. Injunction.—The District Court of the judicial district in which any such plan is proposed, operated or promoted may issue an injunction without bond, upon petition filed by the Attorney General, the County Attorney of the county in which such plan is proposed, operated or promoted, or other interested individual, to enjoin the further operation of any such plan. Laws 1957, p. 162, § 2."

Neither party cites any case arising under the quoted provisions of our statutes. Although plaintiff cites several cases setting out general rules concerning construction of statutes, we do not believe such rules are helpful. The statutes set out are worded clearly enough that we are able to apply them to the facts without resorting to rules of construction.

Plaintiff proved that defendant set up, promoted and engaged in a plan by which goods (a vacuum sweeper) were sold to a person for a consideration (the purchase price), and in addition thereto that the seller granted to the purchaser the privilege of securing one or more persons to make a similar purchase for each of which additional sales the original purchaser would receive a specified sum of money. It may be clearly seen from this evidence that there is no proof that the original purchaser *agreed* to secure one or more persons to participate in the selling plan.

The Legislature in the quoted statutes made a certain selling plan a lottery which could be enjoined. The selling plan used by defendant did not come within the terms

of the statute. Therefore, the decision of the trial court is against the clear weight of the evidence.

The judgment is reversed and remanded with directions to dismiss the writ of injunction sought by plaintiff.