**A. A. MURPHY, INC., d/b/a Murphy Finance Company, Plaintiff in Error,**

**v.**

**Jack TAYLOR and Virginia Taylor, Defendants in Error.**

**No. 40075.**

Supreme Court of Oklahoma.

May 21, 1963.

Rehearing Denied July 9, 1963.

Paul L. Washington, Oklahoma City, for plaintiff in error.

Raymond A. Trapp, Ponca City, for defendants in error.

DAVISON, Justice.

The parties to this appeal occupy the same relative positions as in the trial court and will be referred to as they appeared or by name.

Plaintiff's action against Jack Taylor and Virginia Taylor was for judgment on their note for $619.22, and interest and attorney's fee and for foreclosure of a chattel

mortgage upon a high fidelity stereo phonograph. It was alleged that these instruments were originally given by defendants to Empire Building Service (herein referred to as Empire) in connection with the purchase of the stereo and had been assigned to plaintiff without notice of dishonor. Defendants' answer admitted the execution of the note and mortgage but denied that plaintiff was a holder in due course for value without notice, and alleged that the instruments were null and void because the contemporaneous execution of a finder agreement made the transaction a lottery and in violation of the statutes (21 O.S.1961 §§ 1066–1068). The answer also alleged fraud in Empire's representations of value and tendered return of the stereo. However, no evidence was presented in support of the latter contention and defendants relied solely upon the lottery proposition. Trial was had to the court and judgment was rendered for the defendants. The judgment did not order the return of the stereo.

The record reflects that on March 24, 1961, the defendants bought the stereo from Empire and executed and delivered to Empire the note and chattel mortgage for the full purchase price including finance charges. This note and mortgage was assigned to the plaintiff for a good and valuable consideration on March 30, 1961. The first installment was due May 1, 1961. At the time of the execution of the note and mortgage Empire and Jack Taylor also executed a finders agreement called "Owner's Participation Bond" wherein it was recited that Jack Taylor, as owner, had been enrolled by Empire to participate in its advertising program and also providing that the owner shall receive $15 for each submitted prospect for a unit who is duly enrolled and accepted by the finance company, and $15 to the Bond Holder upon the enrollment of any person whose name has been submitted by a duly enrolled and accepted prospect of said Bond Holder.

Plaintiffs contend the transaction is not a lottery and in the alternative that if the Owner's Participation Bond is illegal then the taint does not extend to the note and mortgage.

The statute relied on by defendants and which was the basis of the lower court's judgment is 21 O.S.1961 § 1066, and is as follows:

"Every person who sets up, promotes or engages in any plan by which goods or anything of value is sold to a person, firm or corporation for a consideration and upon the further consideration that the purchaser agrees to secure one (1) or more persons to participate in the plan by respectively making a similar purchase or purchases and in turn agreeing to secure one (1) or more persons likewise to join in said plan, each purchaser being given the right to secure money, credits, goods or something of value, depending upon the number of persons joining in the plan, shall be held to have set up and promoted a lottery and shall be punished as provided in Section 3 of this Act."

Section 1067 provides for injunction against operation of such plan and Section 1068 fixes the punishment for violation of the statute.

A comparison of the present plan with that before this court in our recent decision of Krehbiel v. State of Oklahoma ex rel. Harrod, County Attorney, Okl., 378 P.2d 768, reveals that the plans are very similar. We cannot find any distinguishing features in the present plan that are sufficient to render our conclusions in the cited case inapplicable in the present appeal. Both plans grant to the purchaser the privilege or opportunity of finding additional purchasers of merchandise for which the original purchaser receives a sum of money. There is no showing that, in the language of the quoted statute, the purchaser *agreed* to secure other persons to participate in the plan by making similar purchases. In the cited case we stated:

"A selling plan whereby a seller sells goods to a purchaser for a considera-

tion, and in addition thereto the seller grants to the purchaser the privilege of securing one or more persons to make a similar purchase for each of which additional sales the original purchaser receives a specified sum of money, does not constitute a lottery under the provisions of 21 O.S.1961 §§ 1066, 1067."

In view of this statement of law we must conclude that the present plan was not a lottery and therefore was not illegal.

The defendants' answer alleged fraud on the part of Empire and that plaintiff was not a holder in due course for value without notice. No proof was submitted in support of these contentions and this defense was abandoned.

It is not necessary to consider any other contention by plaintiff.

The judgment of the trial court is reversed with directions to render judgment for the plaintiff.